UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELYN RULE,

    Plaintiff,                                      Case No. 25-11111

v.                                                  Honorable Nancy G. Edmunds

MATTHEW L. REYES,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Jacquelyn Rule's first complaint brought in this Court against Defendant Matthew L. Reyes, the defense attorney who represented her son in state criminal proceedings, was summarily dismissed for lack of subject matter jurisdiction.[1] (Case No. 24-13094, ECF No. 7.) Plaintiff now brings a second complaint[2] repeating similar claims against Defendant along with an application to proceed without the prepayment of fees or costs ("in forma pauperis" or "IFP").[3] (ECF Nos. 1, 2.) For the reasons below, the Court DENIES Plaintiff's application to proceed IFP and DISMISSES this case.

**I.    Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor."

---

[1] In the opinion and order of dismissal, the Court noted that to the extent Plaintiff's complaint could be construed as bringing a legal malpractice claim, that claim was dismissed without prejudice to refiling in the appropriate state forum.

[2] This case was reassigned from the Honorable Gershwin A. Drain to the Honorable Nancy G. Edmunds as a companion to case no. 24-13094. (ECF No. 5.)

[3] Plaintiff paid the filing fee along with her first complaint.

1

Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (citations omitted). "In determining IFP eligibility, courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Giles v. Comm'r of Soc. Sec.*, No. 14-11553, 2014 U.S. Dist. LEXIS 74028, at *2 (E.D. Mich. Apr. 24, 2014) (internal quotations and citation omitted). "Courts have denied IFP applications where applicants have had assets and/or income that exceed the cost of filing the complaint." *Rowe v. Berryhill*, No. 17-13264, 2017 U.S. Dist. LEXIS 207345, at *2 (E.D. Mich. Oct. 13, 2017) (citation omitted).

Here, Plaintiff is employed. She notes that her income fluctuates but lists her take-home pay from December 22, 2024, through March 15, 2025, as $6,353.15. And while Plaintiff has a number of monthly expenses as well as debts and financial obligations, she has $2,000.00 in cash or in a checking or savings account. Thus, the Court finds that Plaintiff has not demonstrated that she cannot pay the costs of litigation. Accordingly, Plaintiff's application to proceed IFP is denied.

The Court would ordinarily give Plaintiff the opportunity to pay the filing fee. But there is no need to do so here, because even if Plaintiff were to pay the fee in full, her complaint would be subject to dismissal.

## II.     Plaintiff's Complaint

### A.     Legal Standard

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Moreover, "a district court

2

may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**B.     Analysis**

Plaintiff's complaint against Defendant is dismissed for the same reasons her previous complaint against him was dismissed. First, a plaintiff cannot bring a cognizable civil rights claim if a ruling in his or her favor would render a conviction or sentence invalid, until and unless the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Courts have found ineffective assistance of counsel claims barred by *Heck*. *See, e.g.*, *Jamison v. Anzalone*, No. 14-cv-13847, 2014 U.S. Dist. LEXIS 171349, at *8 (E.D. Mich. Dec. 11, 2014) (citing cases). Thus, even if Plaintiff had standing to bring an ineffective assistance of counsel claim on behalf of her son, it would be barred by *Heck*.

Second, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of [42 U.S.C.] § 1983." *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). Because Defendant was not acting

3

under color of state law when he served as a defense attorney in a criminal case, Plaintiff's § 1983 claim is dismissed for this additional reason.

And while Plaintiff attempts to bring state law claims against Defendant, she does not invoke the Court's diversity jurisdiction and acknowledges that the parties are not diverse. (*See* ECF No. 1, PageID.15.) Thus, the Court lacks jurisdiction over any purported breach of contract or other state law claim.[4] Those claims may be refiled in the appropriate state forum.

Finally, Plaintiff suggests that her right to a jury trial under the Seventh Amendment was violated by the Court's dismissal of her previous complaint. However, the right to a jury trial is not triggered when there is no basis for federal jurisdiction.

### III. Conclusion

For the foregoing reasons, Plaintiff's application to proceed without the prepayment of fees or costs is DENIED, and Plaintiff's complaint is DISMISSED without prejudice.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 14, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2025, by electronic and/or ordinary mail.

s/Marlena Williams
Case Manager

---

[4] Even if there were other claims over which the Court did have jurisdiction, it would decline to exercise supplemental jurisdiction over any state law claims.